No. 560

CLEVELAND TRUST CO. v. ROUTZAHN

U. S. Dist. Court, N. D. Ohio E. D.

No. 12771.   July 1, 1925.

653. INTERNAL REVENUE. — Revenue Act of 1918 including in a gross estate, subject to estate tax, any interest in property with respect to which a trust has been created, whether such trust is created "before or after passage of this act" is not unconstitutional as to a trust created before passage imposing direct tax on property, title already in beneficiaries'.

WESTENHAVER, D. J.

The Cleveland Trust Co. brought this action against C. F. Routzahn, collector of internal revenue, in the District Court to recover back an inheritance tax on certain property. Routzahn's demurrer to the petition raised the question of the liability of Harriet McBride's estate under the Revenue Act of 1918 for the transfer of inheritance tax upon certain property transferred by her in trust prior to the passage of said act.

In 1911 Harriet McBride executed to the Trust Co. a trust agreement assigning to the trustee certain real estate, stock, etc., which was to be held and controlled by the trustee with full power of sale and re-investment; income to be paid to the said McBride during her life. The beneficiaries took thereunder a vested estate not subject to any contingency except the reserved right to make use of the principal.

Harriet McBride died in 1920 and her remaining estate was devised and bequeathed to persons other than the beneficiaries under the trust. The value of the trust property was included as part of her estate, subject to tax, and was paid by the Trust Co., her executor.

The tax is sought to be recovered on the theory that the Revenue Act in question is retroactive and hence unconstitutional as being in violation of the federal constituion. The Act provides in part "whether such transfer or trust is made or created before or after the passage of this act." The Trust Co. does not challenge the including of the trust property for the purpose of taxation.

Plaintiff contends that the tax is a direct property tax upon property acquired and owned by the beneficiaries under the trust prior to the enactment of the law and is unconstitutional because not apportioned as required by the U. S. Constitution.

The court, on the demurrer held:

The case of Schwab v. Doyle, 269 Fed. 321 lays down the law in this case by which this court is bound. The property in that case had been transferred in trust prior to the enactment of the Revenue Act of 1916 and the donor's death had taken place after it went into effect.

It was held that corresponding provisions of the Act of 1916 included transactions taking place before its passage, and that the act was not subject to any constitutional infirmity, by reason thereof. The Supreme Court on review held that the act of 1916 was not intended to be retroactive. Inasmuch, as the Act of 1918 has inserted apt language showing conclusively the intention that its provisions shuld apply retroactively to transactions taking place before its passage, the decision of the Sixth Circuit Court remains the law within this jurisdiction.

Demurrer sustained and final judgment entered for defendant.

Attorneys—Tolles, Hogsett, Ginn & Morley for Company; A. E. Bernsteen, U. S. Atty. for Routzahn; all of Cleveland.